# HOLMES v. CLARK.

1. FALSE REPRESENTATIONS. To enable a vendee to recover damages of a vendor for representations made in a contract of sale, it must be shown, 1, that such representations were false; 2, that the vendor knew them to be false when making them; and 3, that they were made for the purpose of inducing, and did induce, the vendee to enter into the contract.
2. SAME. Misrepresentations made by a vendor of land must be willful to entitle the defendant to recover in an action at law for damages.
3. SAME: EQUITY. A court of equity will relieve against misrepresentations innocently made, by rescinding the contract on the ground of mistake.
4. PRACTICE: CHANGING. A cause erroneously brought at law may be changed to the chancery docket, upon compliance with such terms as the court, in the exercise of its discretion, may impose.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 6.

ACTION for damages sustained by reason of false and fraudulent representations alleged to have been made by the defendant to the plaintiff in the sale of certain lands. Issue joined, trial, and verdict for the plaintiff. Defendant appeals.

*C. C. Cole* for the appellant.

I. There can be no recovery for false representations made in a sale, unless they were known to be false by the vendor, and were made with the intention to deceive. *Chandelor* v. *Lopas,* 1 Smith's L. C. 77 (marg.) *Pasley* v. *Freeman,* 2 Ib. 55; *Haycraft* v. *Creary,* 2 East. 92; *Ward* v. *Center,* 3 John. R. 271; *Upton* v. *Vail,* 6 John. R. 181; *Gallegher & Mason* v. *Bunell,* 6 Cow. 350; *Allen* v. *Addington,* 7 Wend. 9; 11 Ib. 375; *Russell* v. *Clark's Executors,* 7 Cranch. 69; *Young & Otis* v. *Coville,* 8 John. 23; *Holden* v. *Daken,* 4 Ib. 421; *Wardell* v. *Fosdick,* 13 Ib. 324; *Mornell* v. *Coldew,* Ib. 395; *Stone* v. *Denny,* 4 Met. 151; 1 Sug. Ven. (7 Am. ed.) 5 and 6; Broom's Leg. Max. 359–366.

II. By the exercise of ordinary diligence the plaintiff could have examined the land in person and ascertained its real location, and therefore the rule of *caveat emptor* applies. Broom's Leg. Max. 356–367; 2 Kent Com. 484 and 487; Sug. Ven. 10, 441–444 (7 Am. ed); 1 Story Eq., sections 199–212; Story Cont. 510; 2 Par. Cont. 270 note *y*; Hare & Wallace's Notes to *Chandelor* v. *Lopas, supra,* 194; *Moore* v. *Turbeville,* 2 Bibb 602; *Hyatt* v. *Boile,* 5 Gill. & John. 110; *Taylor* v *Fleet,* 4 Barb. Ch. 102; *Mansfield* v. *Watson,* 2 Iowa 114. The courts of this State will take notice of Congressional Surveys. *Wright et al,* v. *Phillips,* 2 G. Greene 191.

*Casady & Crocker* for the appellee, contended that the plaintiff was entitled to recover on the representations made as on a warranty, citing 2 Cow. 438; 9 Met. 88; 8 Cow. 25. It is not indispensable that the party making the representations knew them to be false at the time they were made. *Monroe* v. *Pritchett,* 16 Ala. 775; Story on Sales, section 165; 12 Met. 549; 9 Ala. 772.

LOWE, C. J.—Plaintiff seeks to recover damages for the false and fraudulent representations made by defendant to him, in the sale of certain lands, situated some fifteen or twenty miles distant from the point of making the contract; and upon which representations the plaintiff avers he relied in making the purchase.

The gist of this complaint, the fraudulent and false representations, is denied by defendant. The whole of the evidence is reported, and whilst it shows that the location and quality of the lands were entirely different from what was represented, yet it also tends to show that the defendant himself was mistaken as to both; and that his representations in relation to the land were made under an innocent misapprehension of the true position and character of the same. On the trial the plaintiff recovered a verdict and judgment for the sum of four hundred and twenty dollars. The questions made by the record for our determination arise out of the

instructions, a part of which, the four following, we will review collectively, stating what we conceive to be the law of this case as applicable to this issue, the evidence and the instructions.

1. "The jury are instructed, that before they can find for plaintiff they must find that defendant practised a fraud upon him in the sale of the land; but if they find that defendant made representations, as alleged in the petition, in the sale of this land, and that they were false; and that plaintiff purchased said land of him relying upon the declarations and representations of the defendant, the law presumes fraud on the part of the defendant and he is bound by such declarations and representations."

2. "The jury are not to presume fraud, but it is incumbent on the plaintiff to prove fraud, and this must be shown by clear and satisfactory proof, and to constitute fraud the plaintiff must show that defendant knew at the time that such representations were not true, and if you believe from the evidence that the defendant did not know that such representations were untrue you must find for defendant."

3. "That if you believe from the evidence that the defendant was only mistaken as to the location of the lands, and made the representations in good faith, then the plaintiff can not recover in this action, and you are to find for the defendant."

4 "That it is material and incumbent on the plaintiff to show that the defendant knew at the time of making such representations that they were untrue."

The first of these were given for the plaintiff; the remaining three, asked by the defendant, were refused.

In the sale of property the law will make reparation in damages for every fraudulent representation which is attended with loss to the injured party. In this case the plaintiff bases his action not upon a warranty or a mistake but upon a charge of fraud and false representation in regard to the location and character of the land sold. Before he can recover under this allegation, he must show by competent tes-

timony that the representations were false and fraudulent within the *knowledge* of the party making them, and that they were made intentionally to deceive and induce the completion of the purchase. This test of what constitutes fraud in *fact* has been so long and well established that we do not feel it necessary to enter upon the discussion again. See 1 Smith's L. C. (Hare & Wallace, 1 ed.) 238, in the case of *Chandelor* v. *Lopas*, where the authorities are collected and cited &c.; also Broom's Legal Maxims, as applicable to the law of contracts where this question is lucidly treated in the light of the authorities therein referred to; and where the principle is again laid down, that to maintain an action of damages for a false representation or fraud, three circumstances must combine; first, it must appear that the representation was contrary to the fact; second, that the party making it knew it to be contrary to the fact; and third, that it was the false representation which gave rise to the contracting of the other party.

Now how do the foregoing instructions consist with the principle here laid down? The first of these instructions seems to have been given upon the old doctrine, now overruled, that in a representation to induce a party to make a contract "it is equally false and fraudulent for a man to affirm that of which he knows nothing as it is to affirm that to be true which he knows to be false. This instruction should have been modified, so as to have included the idea of a *scienter* or *willful misrepresentation*. And precisely for the same reason that this instruction should have been refused in the form in which it was asked, ought the second and fourth instructions to have been given.

With regard to the third instruction, so strongly does the evidence reported tend to show that the defendant himself was mistaken in reference to the location and quality of the land he attempted to sell to plaintiff, we are of the opinion that it also should have been given to the jury; that the distinction between fraud and a mistake should be kept up and preserved. It is true in a transaction of this kind, the plaint-

iff may have been equally surprised by a mistake or by a fraud. If so, he had a like easy and full remedy, not of this description in a court of law to be sure, but in a court of equity, whose peculiar province it is to rectify mistakes and grant the appropriate relief incident to the same. And this could have been done according to our conception of the true spirit of the code, without leaving the court, by simply changing the statement in the petition so as to address the equity side of the court. Of course this could only be done with the leave and upon such terms as the court might think proper to impose.

The rights and liabilities of the parties in this case have been confounded to some extent with those arising upon a breach of warranty. It is proper to state that according to our reading and understanding of the evidence, there is nothing to show that the defendant warranted the location or quality of the land as represented. In such an event it is conceded that where a warranty is given, by which the party undertakes that the thing sold, should in point of fact, be such as was described, no question can be raised upon the *scienter*, or misrepresentation however innocently made. We also state that the maxim, *caveat emptor*, has no application in this case.

Judgment reversed and cause remanded.