## HALLAM v. TODHUNTER.

1. **Measure of damages: EVIDENCE.** In an action for damages, sustained by reason of false representations made in negotiation for an exchange of lands, it was held competent to prove what estimate was placed upon the property received by the defendant, and the property transferred to the plaintiff at the time the contract was made.

2. **Fraud: FALSE REPRESENTATIONS.** To entitle a vendee to recover of his vendor of real estate damages sustained by representations as to the quantity of the land conveyed, it must be established that the representations were false; that the defendant knew that they were false, and that plaintiff was deceived thereby. *Holmes* v. *Clark*, 10 Iowa, 423.

3. **Measure of damages: FALSE REPRESENTATIONS.** In an action for damages, sustained by false representations as to the quantity of land conveyed, the measure of damages is the contract price per acre with interest thereon, for the amount of the deficit.

4. **Fraud: FALSE REPRESENTATIONS: PLEADING.** In a cross-action by a grantee, for damages, based upon the *fraudulent* representations of the grantor, as to the quantity of the land conveyed, an instruction which ignored the fraud, and placed the right to recover upon a false representation merely, was held to have been properly refused.

*Appeal from Clarke District Court.*

FRIDAY, DECEMBER 28.

PETITION in ordinary on a note made by the defendant to the plaintiff for furniture. The answer set up a cross-demand against the plaintiff, based upon a conveyance of real estate made by the plaintiff to the defendant in July, 1862.

The conveyance purported to be in consideration of three thousand four hundred dollars (but was in fact made on exchange of lands), and conveyed three different parcels or descriptions of real estate. The first was of fifteen acres, more or less; the second was of sixteen acres, without the addition of the words "more or less," and was a long description of a many sided and irregular shaped parcel of land; the third of three acres, also omitting the indefinite words "more or less," and with a shorter description and fewer lines than the second. The claim in the answer is that the two last described parcels did not contain the quantity specified respectively, but fell short on actual survey about three acres. The answer alleged that the plaintiff sold, and was bound to convey, to defendant the quantity of land specified in the deed, and that the plaintiff, "for the purpose of cheating and defrauding the defendant," represented that the said parcels contained the quantity specified in each, "well knowing that his representations were false   *   *   *;  that, confiding in the false and fraudulent representations of plaintiff, defendant was induced to forego a survey of said land,   *   *   *;" that a subsequent survey developed that there was a deficit of three acres, etc. In other words, the cross-demand was for a fraud, in the representations as to quantity, in the sale of land.

There was a jury trial, with verdict and judgment for

plaintiff for the amount due on the note sued on. The defendant appeals.

*Todhunter & Williamson* and *P. Gad Bryan* for the appellant.

*C. C. Nourse* for the appellee.

Cole, J. — I. On the trial of the cause the defendant introduced a witness, and after proving the exchange of

1. Measure of Damages: evidence.

lands between the plaintiff and defendant, upon which the deed in controversy was given, asked him, " what estimate was placed upon the property received by defendant, and the property defendant transferred to plaintiff at the time the contract was made ? " This question was objected to by plaintiff; the objection was sustained by the court, and excepted to by the defendant. This ruling of the court was error. The question was pertinent and proper as tending to develop the true basis for the measure of damages in such cases. But the evidence is all contained in the transcript, and from it we see that the same witness, to whom the above question was propounded, did afterward testify fully as to the estimate placed upon the property given and received in the exchange. There was therefore no prejudice to the defendant by the erroneous ruling above specified and hence it is no ground for reversing the judgment.

II. The court gave instructions to the jury, on motion of plaintiff, substantially, that, to enable the defendant to

2. Fraud: false representations.

recover damages on her cross-demand for the false and fraudulent representations as to the quantity of land, she must prove that plaintiff made false representations as to the number of acres, that he knew at the time that they were false, and that defendant did

not know the representations to be untrue and relied upon them, and also, that, if plaintiff honestly believed his representations were true, and defendant had equal means of knowledge with him, and failed to have a survey made, then she could not recover on her cross-action. These instructions were in accord with the rule of law in such cases as laid down by this court in *Holmes* v. *Clark* (10 Iowa, 423), and were not erroneous.

The court also on motion of plaintiff instructed the jury that the covenants of warranty in the deed were no warranty of the number of acres, and if they believed from the evidence that the plaintiff made the representations proved, in good faith, believing them to be true, they could not find for the plaintiff on the cross-demand. Bearing in mind that the cross-demand is for false and fraudulent representations, this instruction was not erroneous. Rawle on Cov. for Title, 524; *Holmes* v. *Clark, supra.*

The court, on its own motion, instructed the jury, that if they found the representations as claimed by defendant, **3. MEASURE OF DAMAGES: false representations.** the measure of damages, was the value of the number of acres of the deficit of the land at the time of the exchange together with six per cent from that time. It is probable the District Court misapprehended the rule as to the measure of damages in such cases; it is doubtless the contract price and interest. But, as the jury found no damages at all, no prejudice could have resulted from the error of the court in this regard.

The counsel for defendant asked the court to instruct the jury, that, if they shall find from the testimony that **4. FRAUD: false representations: pleading.** the plaintiff represented to said defendant that said tract of land contained nineteen acres, and thereby induced the plaintiff to believe that it did contain that quantity; that he received

consideration for that number of acres, and that it fell short, then the defendant would be entitled to compensation at the contract price for the number of acres the tract fell short. This was refused by the court and duly excepted to by the defendant's counsel.

This instruction might be very good law when applied to a cause of action based upon the *mistake*. But, as applied to the cross-demand in this case, which is based wholly on the alleged fraud of the plaintiff, it is not the law. The cross-demand is for the fraud of the plaintiff, while the instruction ignores that idea and places the right to recover upon a false representation merely, without regard to whether it was an honest and innocent mistake, or a corrupt and fraudulent falsehood. If the pleadings of the defendant upon her cross-demand had been based upon the *mistake*, instead of, or as well as upon, the *fraud*, the refusal to give this instruction might have been error.

As to the second instruction asked by defendant, it is only necessary to say, that, if, by the words "falsely and fraudulently," as used therein, the necessity of *scienter* on the part of plaintiff was included, then the instruction was good law, and had before been given in substance by the court. If it was intended to ignore the *scienter*, then it was not law, and was properly refused.

In view of the peculiar condition of the transcript in this case, and the probability or possibility that defendant may have a cause of action against the plaintiff for the deficit in the number of acres conveyed, on the ground of mistake or otherwise, the judgment of the District Court will be affirmed, but will be expressly so modified as to be without prejudice to the defendant's right of action for the deficit on the ground of mistake, or otherwise than for fraud.

                                      Affirmed.