## WILLIS and wife vs. SWEET.

*May 12 — May 27, 1880.*

*Equity: Cloud upon title.*

A complaint which shows that a deed of land deposited in escrow was procured to be recorded through the false representations of the person therein named as grantee, without performance of the conditions upon which it was to be delivered to him, *held* to state a good cause of action in *equity*, for a removal of the cloud, both under sec. 3186, R. S., and independently of the statute.

APPEAL from the County Court of *Fond du Lac* County. Action to remove a cloud from the title of the plaintiffs to certain land described in the complaint.

The complaint alleges that the plaintiffs are the owners and

in the actual possession of the land; that they agreed with the defendant to sell the same to him for $55, five dollars of which the defendant then paid to them, and to execute and place in the hands of J. W. Bass, Esq., in escrow, a conveyance of the land to the defendant, to be delivered to him when he should pay Mr. Bass for the plaintiffs the balance of the purchase money; that they executed and deposited the conveyance as agreed; and that, instigated thereto by the false representations of the defendant, Mr. Bass had the deed recorded in the office of the register of deeds. This record is the cloud complained of. The nonpayment of the balance of the purchase money by the defendant, and his refusal to pay the same, are also alleged.

The answer is, substantially, that the agreed price of the land was the surrender of a mortgage thereon held by the defendant, on which was due nearly $800, and of the note of the plaintiff husband, which such mortgage was given to secure; that said note and mortgage were thereupon surrendered as agreed; and that the defendant has paid the balance of the purchase money, to wit, $55.

On the trial, defendant objected to all evidence, on the ground that the complaint fails to state a cause of action in equity, and shows that the plaintiffs have an adequate remedy at law. The court sustained the objection, and rendered judgment dismissing the complaint. This appeal is by the plaintiffs from such judgment.

The cause was submitted on the brief of *James W. Bass* for the appellants, and that of *D. W. C. Priest* for the respondent.

LYON, J. Beyond all question the complaint states a cause of action in equity. It states a cause of action under the statute (R. S., 822, sec. 3186); and independently of the statute it states facts constituting a cause of action *quia timet;* and courts of equity have inherent jurisdiction of such actions.

*Pier v. Fond du Lac*, 38 Wis., 470. Under the averments of the complaint, the plaintiffs have not parted with their title to the land, and the recorded conveyance is a cloud upon their title, which, without regard to any other remedy they may have, they are entitled to have removed. This a court of equity alone can do.

*By the Court.* — Judgment reversed, and the cause remanded for further proceedings according to law.