HOWES V. AXTELL.

1. **Verdict**: EVIDENCE TO SUPPORT ON APPEAL. This court will not interfere with a verdict for want of evidence to support it, where there is no such absence of evidence as to warrant the conclusion that the verdict was not the result of an honest and intelligent exercise of the discretion of the jury.

2. **Damages**: MEASURE OF: DEFICIENCY OF LAND SOLD. Where defendant sold land to plaintiff for thirty dollars per acre, or a gross sum of twenty-five hundred and twenty dollars, falsely representing that the tract contained eighty-four acres, but it in fact contained only seventy-five and seventy-nine one-hundredths acres, and plaintiff brought suit for damages, alleging the above facts, *held* that the measure of his damages was the difference between the value of the tract as it was represented to be, and its value as it really was; and that the value as represented was fixed by the law at twenty-five hundred and twenty dollars, because the parties had agreed upon that sum. Also that instructions to that effect were appropriate to the issues.

*Appeal from Clayton Circuit Court.*

FILED, MAY 11, 1888.

ACTION to recover for false and fraudulent representations by defendant as to the quantity of land contained in a tract sold and conveyed to plaintiff. Verdict and judgment for plaintiff. Defendant appeals.

*B. W. Newberry* and *James O. Crosby*, ror appellant.

*A. R. Cole* and *Murdock & Davidson*, for appellee,

BECK, J.—I. The petition alleges that plaintiff purchased of defendant a tract of land, paying therefor twenty-five hundred and twenty dollars ; that defendant falsely and fraudulently represented to plaintiff that the tract contained eighty-four acres of land, and that plaintiff relied upon such statement, and was induced thereby to purchase and pay for the land. It is further alleged that it contained no more than seventy-five and seventy-nine one-hundredths acres ; that it would have been reasonably worth the sum paid by plaintiff, had it contained eighty-four acres, but that the land was worth no more than twenty-two hundred and sixty dollars. Plaintiff claims to recover two hundred and sixty-five dollars damages. Defendant admits the allegations of the petition as to the contract for and sale of the land, but denies all other allegations.

II. It is first insisted that the verdict as to the facts in issue lacks the support of the evidence. All

1. VERDICT: evidence to support on appeal.

that need be said on this point is that the evidence on the issue of fact is conflicting. It cannot be said that upon any question of fact there was such an absence of proof as to authorize us to interfere under the familiar rules prevailing in this court applicable to this point. It cannot be fairly claimed that upon any question of fact in issue there was such an absence of evidence as to warrant the conclusion that the verdict was not the result of an honest and intelligent exercise of the discretion of the jury.

III. The circuit court gave instructions to the jury in the following language, which are complained of by defendant's counsel.

"11. If you find that there was fraud in the sale of the land, that is, that the plaintiff is entitled to

2. DAMAGES: measure of: deficiency of land sold.

recover, the next question for you will be, how much is the damage? And for that purpose the rule of law is this : To ascertain the difference in the value of the land as it was represented to be, and its value as it really was, and that difference is the plaintiff's damage.

"12. As to the value of the eighty-four acres, if the land was sold for that amount, the law fixes the value, and that is the price agreed upon by the parties, namely, twenty-five hundred and twenty dollars; and the question for you will be how much less was it worth on account of the deficiency as shown by the testimony; that is, how much less was the farm worth on account of such deficiency? And when you have agreed upon that it will be the amount of your verdict for the plaintiff."

Counsel concede that if the eleventh instruction were applicable to the issues raised in the case it would be correct, being unobjectionable as an abstract proposition of law. But they insist that it does not accord with the petition. We think differently. The petition, as will have been observed by attention to our statement of its allegations, shows the price agreed to be paid for the land, which was thirty dollars per acre; that it was represented to contain eighty-four acres. The instruction directs that plaintiff's measure of damages is the difference of the value of the land as it was represented and the real value according to its true number of acres. The twelfth instruction directs the jury that the price agreed upon is to be taken as the value of the eighty-four acres of land. This is correct. When parties, by solemn agreement, fix a value to property, they are bound by it. The law will not, in a case of this kind, permit either party to dispute the value as settled by them. The instruction directs that the value of the land as it is found, considering its real quantity, is to be deducted from the value as settled by the agreement of the parties, and the difference will be plaintiff's damages. This rule is just, as it gives plaintiff compensation, and nothing more. See *Hallam v. Todhunter*, 24 Iowa, 166. The instructions, we think, are correct, and are applicable to the case made by the petition and to the evidence. These considerations dispose of all questions in the case.

It is our opinion that the judgment of the circuit court ought to be AFFIRMED.