OF

## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D., 1898.

AND IN THE FIFTY-SECOND YEAR OF THE STATE

---

John C. Johnson, Appellant, v. Chicago, Rock Island & Pacific Railway Company.*

**Settlement:** FALSE REPRESENTATIONS. A settlement for an action for tort is not fraudulent because defendant's attorney represented to plaintiff that he had no cause of action, in the absence of proof that that was not his opinion.

SAME. A representation that a railroad company could show by five or six witnesses that plaintiff had not been pushed from the car by the company's brakeman, made to induce the compromise of a suit against the railroad company for injuries received through such alleged pushing off, is not false where plaintiff testifies that he and two others got on the train, and other people got on it at the same time, and that there were other parties on the car in front of him, since the representation is not that the witnesses were eye witnesses.

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

SAME   A settlement of an action by plaintiff with defendant's attorney direct is not fraudulent because defendant's attorney stated that it could be made in the absence of plaintiff's attorney, where plaintiff and his mother were the moving parties and went to the town where the attorney was located in order to procure it.

RELIANCE.   After commencement of a suit for personal injuries against a railroad company, plaintiff and his mother went to the town where defendant's attorney was, called on him, and, without the knowledge of their attorney, made a settlement.   *Held*, that such settlement was made without reliance on an opinion as to the merits of plaintiff's cause of action expressed by defendant's attorney.

PLEA AND PROOF.   Under a reply to a plea of compromise and settlement that it was procured by defendant fraudulently representing to plaintiff that he had no cause of action and that the defendant could show that the facts were not as plaintiff claimed them to be, evidence that one of the representations made to induce the settlement was a statement by defendant's attorney that plaintiff's attorney had offered to settle the suit for a certain sum is inadmissible, because not set up in the pleading.

Striking Pleading:   HARMLESS ERROR.   Where defendant in an action for tort pleaded a settlement, error in sustaining demurrers to replies which alleged such settlement to have been procured by fraud is cured by permitting an averment, which raises the issue of fraud as completely as the averment held bad did, to stand.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

· FRIDAY, DECEMBER 16, 1898.

PLAINTIFF states as his cause of action in substance as follows:   That about August 23, 1893, he got onto one of defendant's freight trains, going east, at the city of Des Moines, without a ticket entitling him to ride on said train, and was riding on top of one of the cars; that when nearing Altoona defendant's brakeman ordered him to get off said train, then running at a rapid speed, and immediately rushed at plaintiff in a threatening manner, whereupon plaintiff immediately descended the ladder for the purpose of getting off; that said brakeman followed, ordering plaintiff in an angry and threatening manner to hurry and get

off, and crowded upon plaintiff, and seized his hands, and tore his hold loose from the ladder, by reason of which acts and conduct plaintiff fell, and his left leg was run over by several of the cars, and so injured as to necessitate amputation. Plaintiff alleges that he asked to be allowed to remain until the train stopped, but was compelled to get off at once; also that the acts, conduct, and language of said brakeman were negligent, and with malice and ill will towards the plaintiff, and that said brakeman had no authority to remove persons from said train who were trying to ride thereon without paying, and who had no right to ride thereon. Other allegations are made, going to the amount of damages, and plaintiff asks to recover ten thousand dollars. The defendant answered, admitting its corporate capacity, denying the other allegations of the petition, and alleging contributory negligence. In an amendment to its answer, defendant alleges that about the ———— day of October, 1895, plaintiff and defendant had a full settlement of all matters involved in this action, and that defendant then paid plaintiff one hundred and fifty dollars in full of all demands claimed to have been incurred by said accident, and that it was agreed that this case should be dismissed at plaintiff's costs. Plaintiff filed a lengthy reply to said amendment to the answer. Defendant moved to strike said reply upon these grounds: *First,* that it is not a pleading authorized to be filed; and, *second,* that the matter is irrelevant, and redundant, and immaterial. The court overruled the motion as to the first ground, and sustained it as to the second, and thereupon plaintiff filed an amendment to his reply, to which defendant filed a motion and demurrer. No ruling appears to have been made upon the motion, but the demurrer was sustained, to which plaintiff excepted. Plaintiff then filed a second amendment to his reply, to which defendant demurred, and the demurrer was sustained, except as to a part thereof, which is as follows: "Comes plaintiff, and by leave of court amends his reply, and says: That he

denies each and every allegation in defendant's amendment filed February 17, 1896, except what is herein admitted. Plaintiff admits that some time in October, 1895, the defendant paid the plaintiff one hundred and fifty dollars on a compromise or settlement of his said cause of action, but the plaintiff avers that the said settlement was and is unfair, and was obtained by fraud, fraudulent misrepresentations, collusions, and undue influence, and by such means defendant obtained such settlement. That the defendant and its attorney, George E. McCaughn, falsely and fraudulently represented to the plaintiff that he (plaintiff) had no case against the defendant, and that the defendant and he (the said McCaughn) had seen a large number of witnesses, to-wit, six or seven; and he stated to the plaintiff that said witnesses had stated to him (the said McCaughn) that they would swear at the trial of this case that the brakeman on the train from which plaintiff was forced off did not touch him (the plaintiff), or force him from the train on which he was riding, nor curse nor swear at him, nor order him off of said train when it was in motion. That the defendant and its said agents well knew that said representations, and each of them, were false and fraudulent, and this plaintiff believed and relied upon the representations aforesaid, and was influenced and deceived thereby, and was influenced and induced by the acts and false representations aforesaid to make said settlement. And plaintiff asks that the one hundred and fifty dollars so paid, with interest thereon from the date of payment, be credited on the amount that may be found due the plaintiff on his cause of action herein. Wherefore plaintiff prays judgment for the sum of ten thousand dollars, with interest, less the said sum of one hundred and fifty dollars, with interest, as aforesaid, and for costs of suit." The case went to trial on these issues, and at the close of the evidence for plaintiff the court, on motion, directed a verdict for the defendant, and rendered judgment accordingly. Plaintiff appeals.—*Affirmed.*

*Geo. W. Lafferty* and *B. W. Preston* for appellant.

*Geo. W. Seevers* and *Carroll Wright* for appellee.

GIVEN, J.—I.   Plaintiff complains of said rulings on his reply and amendments.   To avoid the admitted settlement, plaintiff relies upon certain representations claimed to be false, made to him to induce the settlement, and by which he was induced to make it.   Each representation relied upon should have been plainly stated in the reply, with allegations of their falsity, and that they were made to be and were relied upon in making the settlement.   The reply and amendments are mainly extended statements of matters claimed to support the charge of fraud.   They are statements of evidence, rather than of ultimate facts.   Whatever error there may have been in these rulings was cured by allowing that part of the last amendment to stand that was retained, as thereby the issue of fraud in the settlement is as fully presented as it had been pleaded, and the parts excluded did not enlarge the issues nor the scope of the evidence.

II.   The grounds of defendant's motion for a verdict may be summed up as follows:   That there is no evidence tending to show that the alleged representations were false, nor that they were relied upon, nor that they were the sole inducement to the settlement, nor that plaintiff was induced or misled thereby, no evidence tending to avoid said settlement, and that there is evidence tending to show that plaintiff sought and brought about the settlement himself.   In considering the ruling on this motion we notice briefly the facts upon which plaintiff's cause of action rests, as shown by his testimony, and then more particularly the evidence as to the settlement.   Plaintiff, then aged nineteen and Nicholas and Hanson, boarded defendant's freight train with the intention, as it is expressed, of "beating their way, of stealing a ride," knowing that it was not allowed by the company, and

that the trainmen had orders to put such persons off the train. As the train was nearing Altoona at slackened speed, defendant's brakeman, in a threatening manner, and in threatening words, ordered plaintiff to get off the train, and refused to allow him to wait until the train stopped. Plaintiff proceeded to go down the ladder from the top of the car, and when on the ladder the brakeman forced him to loosen his hold on the ladder, by reason of which he fell, and his left leg was run over and injured so as to require amputation. This is the substance of the testimony of plaintiff and Nicholas, the only witness of the accident who was examined, as to how it occurred. This action was commenced March 17, 1895, George W. Lafferty and B. W. Preston appearing as attorneys for the plaintiff.

On a day in October, 1895, the plaintiff and his mother, Mrs. Carter, then living in Oskaloosa, without any solicitation from the defendant, called at the office of George E. McCaughn, attorney and adjusting agent for the defendant, in the city of Des Moines, and the admitted settlement was then and there made by plaintiff and McCaughn, plaintiff's counsel not being present. Plaintiff and his mother were the only witnesses examined as to what took place at the settlement, and their testimony as to the alleged false representations is, in substance, this: Mrs. Carter says McCaughn claimed that plaintiff had no case; that they could prove by five or six witnesses "that the brakeman didn't throw plaintiff from the train, and didn't curse and abuse him." Plaintiff testifies: "McCaughn said he could prove by five or six witnesses that the brakeman didn't lay his hands on me, and that I didn't have no case, and had better settle." Mrs. Carter said to McCaughn, "What would Mr. Lafferty say if we were to compromise without his presence?" and he replied that "it was not necessary to have Lafferty, because we and him and John could settle this case without Lafferty," and that, if Lafferty found it out, "send him to me, and I will buck against him."

When discussing the amount to be paid, McCaughn said that he was representing the company, and would not allow more than one hundred and fifty dollars, and that was all the company would allow; that he had to do as the company said, and that Lafferty had offered to compromise for a great deal less than five hundred dollars. In reply to Mrs. Carter's demand for five hundred dollars McCaughn offered to give her fifty dollars in addition to the one hundred and fifty dollars on account of plaintiff's boarding after he left the hospital, and before he fully recovered, and thereupon she advised plaintiff to take the one hundred and fifty dollars, and the settlement was concluded, and the two hundred dollars paid as agreed.

III.   The representations alleged of which there is evidence are these:   That plaintiff had no cause of action; that defendant could prove by five or six witnesses that the brakeman did not curse and abuse plaintiff, nor lay hands on him, or force him from the train.   Plaintiff's counsel cite a large number of authorities, but, as the rules applicable to this case are undisputed, we need not notice them at length.   They say: "We are aware that, in order to avoid a contract on the ground of fraud, under the doctrine of *Holmes v. Clark,* 10 Iowa, 423, it must appear that the representations were false; *second,* that the vendor knew them to be false when making them; and, *third,* that they were made for the purpose of inducing, and did induce, the vendee to enter into the contract.   This doctrine has been the authority in several subsequent cases.   But our own courts have in one or more cases recognized the fact that there are exceptions, and, if it is disputed, they will be pointed out before this case is fully submitted."   The cases cited do not show exceptions to this rule, but the application of it to the varying facts of the cases.   The first representation that we have to consider is that plaintiff had no cause of action.   That was but the expression of an opinion.   Plaintiff quotes from *Stebbins*

*v. Eddy,* 4 Mason, 417, Fed. Cas. No. 13,342: "If a person expresses as his opinion what is not his opinion, and knowing that the facts are not what his expressed opinion would imply that they were, he may, in case the other party is entitled to rely on his opinion, be guilty of fraud. If the statement is one of belief, the contradiction of the good faith of the person making it is to be established, not by showing that the fact is different than the representation, but that the opinion and belief were fraudulently misrepresented. It has been suggested that fraud cannot be predicated of belief, but only of facts. But this distinction is quite too subtle and refined. The affirmation of belief is the affirmation of fact,—that is, the fact of belief; and if it is fraudulently made to mislead or cheat another, to abuse his confidence, or to bind his judgment, it is in law or morals just as reprehensible as if any other fact was affirmed for like purpose." There is no evidence that it was not the opinion of McCaughn that plaintiff had no cause of action; indeed, the record leaves no doubt that such was his opinion, and that it was expressed in good faith. The relation of the parties, and the facts attending the settlement, preclude the idea that plaintiff had a right to or did rely upon that expression of opinion. He had, no doubt, been advised by his counsel as to the case, and he and his mother seem to have been aware of the importance of evidence as to the conduct of the brakeman.

IV. As to the representations that defendant could prove by five or six witnesses as stated above, there is no evidence whatever that it was false, nor that it was not believed by McCaughn to be true. Plaintiff's counsel assume that there was no other person within view at the time of the accident than plaintiff, Nicholas, and Hanson, and that defendant could not, therefore, have five or six witnesses by whom to prove as represented. Nicholas does not say that there were not others in view, and plaintiff says: "I rode on the east end

of the car.   The train was going east.   One Ira Nicholas and some other parties were on the west end of the car next in front of me.   *   *   *   I got on the train after Hanson did.   Some other parties were on the train when I got on.   *   *   *   The other men were on the car just in front of me.   I didn't know them.   *   *   *  Hanson and I were lying close together.   *   *   *   There were some parties on the next car in front of me, some seven or eight feet away." Under this evidence it cannot be said that the representation that defendant could prove as stated, by five or six witnesses, was false.   McCaughn did not say by whom nor how he could prove as stated.   He did not say it was by eye-witnesses.   If it were true that but the three were present, it does not follow that defendant could not prove as stated by showing statements of the plaintiff as to how the accident occurred.   There being no evidence tending to show that this representation was false, or that McCaughn did not believe it to be true, there was no error in not submitting the issue to the jury.

V.   The evidence shows that McCaughn said it was not necessary to have Mr. Lafferty present at the settlement, that they could make the settlement, and that Lafferty had offered to settle for less than five hundred dollars. Whatever may be said as to the impropriety of making this settlement in the absence of Mr. Lafferty, it is certainly true that the representation that it could be made in his absence was not false.   This settlement in his absence should be viewed with closest scrutiny.   Plaintiff and his mother sought it.   They seem to have understood that the case rested largely on proof of what the brakeman did, and of this plaintiff had exact knowledge.   There were some important variances between the statements in the petition and the evidence as to what the brakeman did. It was with this knowledge of his case that plaintiff consented to receive the one hundred and fifty dollars to himself and fifty dollars to his mother as a full settlement.

We do not think there is anything in the facts or circumstances to show that the settlement was fraudulently procured because of the absence of Mr. Lafferty. Plaintiff offered to prove by Mr. Lafferty that he had not offered to settle the case for less than five hundred dollars, and this evidence was excluded on defendant's objection. There was no error in the ruling, for the reason that no such representation was set up in the reply or the amendments; not even in the parts that were ruled out. For the reasons stated, the judgment of the district court is AFFIRMED.