REICHELT *et al.* v. PERRY *et al.*

1. Comp. Laws, § 5449, authorizing any person claiming an estate in realty adversely to another to institute an action for the determination of such adverse claims, does not change the nature of the jurisdiction of the court in an action to quiet title, but such jurisdiction remains purely equitable, justifying the court in treating the verdict of a jury in such a case as advisory merely, and finding contrary thereto.

2. Where defendant in an action to quiet title seeks by answer or counterclaim to quiet title in himself, equity will retain jurisdiction, and proceed to a final determination of the matters at issue between the parties, even though the complaint did not give such jurisdiction.
CORSON J., dissenting.

(Opinion filed May 14, 1902.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by Benedict Reichelt and another against George H. Perry and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

*Joe Kirby,* for appellants.

The issues raised by the defendants' counterclaim and reply thereto, were one of law and not of chancery, and under the constitution and laws of this state the court had no power to ignore the verdict of the jury and treat this branch of the cause as one in chancery. Powers v. Bouch, 54 N. W. 404; Jones v. Peck, 19 Wis. 84; Eastman v. Lynn, 20 Minn. 433; Comp. Laws, §§ 4830, 4915, 5032, 5088; Sec. 6. Art. 6, Const. S. D.; Hughes v. Hanna, 22 So. Rep. 613; Whitehead v. Shattuck, 138 U. S. 136; Hudson v. Caryl, 44 N. Y. 553; Black's Constitutional Law, Sec. 220-3; Norris' Appeal, 64 Penn. St., 275.

Under the statutes of this state the homestead right is a joint

and several right in the husband and wife, based on public policy. Neither party can be estopped by the act of the other, nor even by their own individual act, from asserting such claim and the trial court erred in admitting, over plaintiffs' objection, exhibits "2," "3," "4," and "5," being the leases made by Mr. Reichelt for the years 1897, and subsequent, to these premises, wherein he proposes to hire the same on shares from the Fidelity Securities Company. His wife, Mary Reichelt, was not a party to any of these instruments. C. L. § 2451; Const. of S. Dak., § 4, Art. 21; Waples on Homestead, p. 692; Kingman v. O'Callaghan, 4 S. D. 628; Beadle v. Cowley, 52 N. W. 493; Fallihee v. Whittmayer, 9 S. D. 479; Myrick v. Bill, 5 Dak. 167; Luce v. Investment Co., 6 Dak. 122; 2 Dembitz Land Titles p. 865; N. W. L. & B. Co. v. Jonasen, 79 N. W. 840; Stinson v. Richardson, 44 Ia. 373; Dyke v. O'Connor, 18 S. W. 490; McKee v. Wilcox, 11 Mich. 359; Ellis v. Wait, 4 So. Dak. 454; Lessel v. Goodman, 66 N. W. 917; Campbell v. Babcock, 27 Wis. 512; First Natl. Bank v. Meachem, 36 S. W. 724; Anderson v. Tribble, 66 Ga. 584.

The trial court erred in finding in its eighth finding of fact that plaintiffs made and executed a deed duly acknowledged to entitle the same to record whereby they conveyed to George Perry all their estate in and to the premises in controversy. This was error not only for the reason that the verdict of the jury had completely removed this question from the judge but also as against the evidence. If the position of the trial court is right in ignoring the verdict of the jury and treating this as a chancery action then we ask this court to review the evidence and reverse this finding of fact. Randall v. Burke Twp., 4 S. D. 337; Farwell v. Water Company, 10 S. D. 421.

The signature of an illiterate person obtained to an instrument,

as the evidence shows the plaintiff's signature was obtained to exhibit "1," will not be sustained in court. Selden v. Meyer, 20 Howard 506; Walker, v. Ebert, 29 Wis. 194; Butler v. Carns, 37 Wis. 61; Bank v. Deal, 22 N. W. 53; Green v. Wilke, 66 N. W. 1046; Bank v. Lierman, 5 Nebr. 247; Randolph Com. Paper, § 1874; Pomroy's Eq. Jr., §§ 847-9.

*Bailey & Voorhees,* for respondents.

If appellants were entitled to a jury trial at all they waived their rights by neglicting to demand it in the trial court. Crocker v. Carpenter, 33 Pac. Rep. 271; Moore v. Copp, 51 Pac. Rep. 630; Hyde v. Redding, 74 Cal. 493; Rousseau v. Patten, 49 Minn. 308; 17 Enc. of Plead, and Prac., 358.

FULLER, J. While the pleadings are not before us, it is quite apparent that plaintiffs, claiming to be the owenrs in actual possession of an alleged homestead containing 160 acres, brought this action to quiet title thereto by the determination of adverse claims and the removal of certain clouds, consisting in part of a sheriff's deed resulting from an irregular foreclosure of a mortgage, and a quitclaim deed thereafter executed by themselves to the defendant Perry, which deed, they aver in the way of reply to the answer and counterclaim, was obtained by fraud. Although the single question as to whether such deed was procured from plaintiffs by fraud was submitted to a jury and answered in the affirmative, the trial court disregarded the verdict, and expressly found that it was not so obtained, and "sufficed to convey to the defendant Perry all the right, title, and interest of the said plaintiffs in and to said premises." From a decree accordingly entered, quieting title in Perry's grantee, the defendant Rummel, and forever enjoining plaintiffs from asserting any right, title, or estate in and to the premises, they appeal to this court.

Whether the court on the trial of the issues presented by the pleadings in this case may thus treat a special finding of a jury as advisory merely, and disregard it, depends, of course, upon the nature of the action. Actions for the removing of clouds from title are inherently equitable, and section 5449 of the Compiled Laws, which authorizes any person claiming an estate or interest in real property adversely to another to institute an action for the determination of such adverse claims, in no manner limits the jurisdiction of a court of equity. Independently of all other clouds disclosed by the pleadings and the evidence, the quitclaim deed executed by appellants constitutes apparent adverse title, and the cancellation of such deed on the ground of fraud is a matter over which courts of equity have jurisdiction. That such courts have jurisdiction to remove clouds and relieve from the consequences of a conveyance of real property procured by fraud is a proposition that has become an axiom of equity jurisprudence, and the prerogative is trenched upon neither by the statute nor the constitutional guaranty of a jury trial.

Parties in actual possession, claiming to be the absolute owners, brought this action to quiet title by the determination of adverse claims, not to recover the possession of specific real property pursuant to section 5032 of the Compiled Laws, requiring issues of fact to be tried by a jury. Courts of chancery have jurisdiction to remove clouds from title, irrespective of statutes on the subject, and when an alleged owner is in possession his remedy in equity is apparently exclusive, 2 Beach, Eq. Jur. § 556, and notes; Ormsby v. Barr, 22 Mich. 80; Hosleton v. Dickinson, 51 Iowa, 244, 1 N. W. 550; Willis v. Sweet, 49 Wis. 505, 5 N. W. 895; Poston v. Balch, 69 Mo. 115; Moran v. Moran (Mich.) 63 N. W. 989, 58 Am. St. Rep. 462. Even where the complaint does not give jurisdiction, but

the defendant by answer or counterclaim seeks to quiet title in himself, equity will retain jurisdiction, and proceed to a final determination of all the matters at issue. Goodrum v. Ayres (Ark) 19 S. W. 97. For this reason," says Prof. Pomeroy, "if the controversy contains an equitable feature or requires any purely equitable relief, which would belong to the exclusive jurisdiction, or involves any matter pertaining to the concurrent jurisdiction, by means of which a court of equity would acquire, as it were, a partial cognizance of it, the court may go on to a complete adjudication, and may thus establish purely legal rights and grant legal remedies which would otherwise be beyond the scope of its authority." 1 Pom. Eq. Jur. § 181.

As the deed from appellants to Perry executed in June, 1899, and duly recorded, is, in the absence of fraud, confessedly sufficient to convey all their right, title, and interest, and the finding of the court that there was no fraud is amply sustained by the evidence, the judgment appealed from is affirmed.

CORSON, J. (dissenting). I am unable to concur in the opinion of the majority of the court for the reason that, in my judgment, the jury were clearly right in finding that the quitclaim deed from the plaintiffs to the defendant George H. Perry, was obtained by fraud, and that the circuit court committed error in setting aside that finding, and substituting therefor the finding "that the evidence in this case does not show any misrepresentation or artifice to secure the execution of the deed from the plaintiff to the defendant Perry." It is quite clear from the evidence that neither the plaintiff Benedict Reichelt nor his wife, at the time they executed the paper presented to them for execution by the brother of the defendant Perry, had any knowledge or information that the foreclosure proceedings were

not valid, and it is equally clear to my mind that they did not understand that they were given a deed to their property. While the evidence is somewhat conflicting, I think it preponderated largely in favor of the view that Reichelt and wife were deceived and misled into signing the paper presented to them, which seems to have been a quitclaim deed, and that they signed the paper by reason of misrepresentations made to them by the brother of the defendant Perry, and believing that they were simply signing a paper correcting a slight error in the abstract. In my opinion, there was a clear preponderance of the evidence showing that neither of the plaintiffs had the slightest idea that they were executing a deed of any kind. Upon the evidence, therefore, the trial court should have found, as did the jury, that the quitclaim deed was obtained from the plaintiffs fraudulently, and should have canceled the same.

I am of the opinion, therefore, that the judgment should be reversed, and a new trial granted.