FRANK LENOCH, Appellant, v. R. W. YOSS AND W. E. WALLACE.

**Parties:** WAIVER OF DEFECT. It is probably not necessary for the wife to join with the husband as a party plaintiff in an action for deceit in the sale of land, but any irregularity in this respect is waived by failure to raise the question by demurrer.

**Fraudulent conveyances:** EVIDENCE. Although neither the contract of sale nor the deed to a tract of land refer to the number of acres conveyed, evidence of fraudulent representations as to the quantity is admissible; and where there was such evidence it was permissible to show that the sale was in fact by the acre, and that the price per acre was agreed upon.

**Sale of land by the acre:** SHORTAGE: DAMAGES. Where parties to a contract for the sale of land agree upon a price per acre, and there is competent evidence of the actual acreage, the damage for a material shortage is the price per acre multiplied by the number of acres it is short.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, Judge.

SATURDAY, JUNE 8, 1912.

THE facts are stated in the opinion.—*Reversed*.

*Grimm, Trewin & Randall* and *Barnes & Chamberlain,* for appellant.

*Wade, Dutcher & Davis,* for appellees.

SHERWIN, J.—This is a law action brought by the plaintiff to recover of the defendants damages for fraud and deceit. The plaintiff and his wife bought a farm of the defendants, which the defendants said contained one hundred and eleven acres, but which does not, in fact, contain more than ninety-four acres. The plaintiff alleged that the price agreed upon for the farm of one hundred and eleven acres was $70 per acre, and that plaintiff paid that amount therefor. At the close of the plaintiff's evidence, the court, on the defendants' motion, directed a verdict for them, and this appeal followed. One of the grounds of the motion to direct was that there was a nonjoinder of necessary parties plaintiff. A written contract was originally entered into by the parties, and in this the defendants undertook to convey to the plaintiff and his wife. But thereafter a deed was executed to the plaintiff alone.

It was probably not necessary to make the wife a party plaintiff, but, if she should have joined her husband as plaintiff, the defendants waived the matter by not demurring to the petition or raising the question by their answer. Code, sections 3561-3563; *Fulliam v. Drake,* 105 Iowa, 615; *Anderson v. Acheson,* 132 Iowa, 744; *Coe v. Anderson,* 92 Iowa, 515.

1. PARTIES: waiver of defect.

Neither the contract nor the deed stated the number of acres in the farm sold to the plaintiff, but, notwithstanding this, evidence was admissible of the fraudulent representation as to the number of acres. *Lane v. Parsons,* 108 Iowa, 241; *Hodges v. Denny,* 86 Ala. 226 (5 South. 492); 29 Am. & Eng. Enc. 629.

2. FRAUDULENT CONVEYANCES: evidence.

There was evidence of fraudulent representations as to the number of acres of land in the farm, yet the trial court excluded parol evidence that the sale was, in fact, by the acre and that the price per acre was agreed upon. This was error. *Howes v. Axtell,* 74 Iowa, 400; *Hallam v. Todhunted,* 24 Iowa, 166; *Rathke v. Tyler,* 136 Iowa, 284; *Hosleton v. Dickinson,* 51 Iowa, 244; *White v. Miller,* 22 Vt. 380; *Murdock v. Gilchrist,* 52 N. Y. 242.

There was competent evidence of the amount of land actually contained in the farm. Where the parties agree upon the price per acre, if there is found to be a material

3. SALE OF LAND BY THE ACRE: shortage: damages.

shortage, the damages sustained will ordinarily be the price per acre agreed upon multiplied by the number of acres short. This measure of damage is right, because of the solemn agreement of the parties that the land is worth the amount per acre named. *Hallam v. Todhunted, supra; Hosleton v. Dickinson, supra; Howes v. Axtell, supra; Rathke v. Tyler, supra;* 29 Am. & Eng. Enc., *supra.* An exception to this rule has sometimes been made where the improvements on a particular part of the land have been of unusual extent and value, but this case is not shown to be in that class. The court was clearly in error in its rulings on the admission of testimony, and in directing a verdict for the defendants. The judgment is *reversed.*

EVANS, J., taking no part.