# McKown v. Furgason.

1. **Fraudulent Representations:** PLEADING: EVIDENCE. An allegation that one made representations knowing them to be false is not supported by proof simply that he had no reasonable grounds for believing them true.

2. ———: INSOLVENCY: WHAT CONSTITUTES. Insolvency is the inability to pay all just debts. A debtor's solvency does not depend upon the amount of property he owns subject to execution; he may be perfectly solvent and yet have no property liable to execution.

3. ———: WHAT ARE: SOLVENCY. False representations as to the solvency of another, to be actionable as fraudulent, must at the time have been known to be false by the party making them, or he must have assumed or intended to convey the impression that he had actual knowledge of their truth.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, MARCH 20.

THE plaintiff in substance alleges in his petition that defendant pretended to be the owner of a promissory note against H. E. Stewart for $146, and represented to plaintiff that the maker of said note was perfectly good and responsible, that the note could be made and collected by law, and that it would be paid when due; that relying upon such representations plaintiff purchased the note, and paid the defendant therefor the sum of $130.00; that Stewart is, and was when defendant sold said note to plaintiff, wholly insolvent and worthless; that defendant made said representations fraudulently, for the purpose of cheating and defrauding plaintiff, with full knowledge that they were false. The answer of defendant denies all fraud, and alleges that he sold the note for and in behalf of the owner, Samuel Harding; and that he informed plaintiff of Harding's ownership, before he sold the note to him. There was a jury trial, and a verdict and judgment for the plaintiff. The defendant appeals.

*Pendleton & Wakefield,* for appellant.

*Vawter & Son,* for appellee.

McKown v. Furgason.

Day, J.—I. The court instructed the jury as follows: "3. If, at the time defendant sold the note in question to the plain-

**1. Fraudulent representations: pleading: evidence.** tiff, he represented said note was good, and that the maker thereof, H. E. Stewart, was solvent, that the plaintiff relied upon said representations in purchasing said note, and that said representations were untrue at the time they were made, and that said defendant knew they were untrue, or had no reasonable grounds for believing them true; your verdict should be for the plaintiff for the amount paid for said note, together with six per cent interest from the date of said payment." The giving of this instruction is assigned as error. It was not proper to give this instruction under the issues presented. The plaintiff claims of defendant damages for fraudulently making representations, with full knowledge when he made them that they were false. Upon this question the case of *Pearson v. Howe*, 1 Allen, 270, is directly in point. In that case it was held that in an action for deceit a declaration which alleges that the representations made were well known by defendant to be untrue is not supported by proof, simply, that the defendant had reasonable cause to believe that they were untrue. The fourteenth instruction asked presents the correct rule upon this branch of the case, and should have been given.

II. The court further instructed the jury as follows: "6. To constitute the solvency of a party he must have property

**2. ———: insolvency: what constitutes.** liable to execution to an amount sufficient to pay all his debts. And if you find that H. E. Stewart, the maker of the note in question, did not have at the time said note was sold to the plaintiff sufficient property liable to execution to pay all his debts, you should find that H. E. Stewart was not solvent." This instruction, we think, is erroneous. Solvency is ability to pay all debts or just claims; insolvency, is inability to pay such debts. A party may have this ability whose property is not subject to execution. Such person cannot in any proper sense be said to be insolvent.

III. The defendant asked the court to give the following instruction: "16. The jury are instructed that to entitle the plaintiff to recover it must appear that the representations

made by the defendant were false, and that they were known to be false by the defendant at the time they were made." This instruction should have been given. The instructions given by the court do not so pointedly and clearly present this doctrine. False representations as to the solvency or pecuniary condition of another, to be actionable as fraudulent, must at the time have been known to be false, by the party making them, or he must have assumed or intended to convey the impression that he had actual knowledge of their truth, though conscious that he had no such knowledge. *Maish v. Falkner*, 40 N. Y., 562; *Happer v. Lisk*, 1 Ind., 179.

*3. ——: what are: solvency.*

Several rulings upon the acceptance and rejection of testimony are assigned as error, but it is doubtful whether the rulings complained of worked any substantial prejudice.

For the reason assigned the judgment is

REVERSED.