## ALLISON *et al.* v. JACK *et al.*

1. **False Representations:** CIVIL ACTION: STATEMENT WITHOUT KNOWLEDGE: INSTRUCTION. In an action for damages by false representations, to instruct that if a person states that he knows a matter to be true concerning which he has no knowledge, he is guilty of fraudulent representations, was error, because not requiring the jury to find that the matter was in fact false; and the error was not cured by another instruction which directed that recovery could be had only in case the representations were found to be false.

2. ——— : ——— : WHAT MUST BE PROVED. In such case there can be no recovery without establishing by the preponderance of the evidence the falsity of the representations and defendant's knowledge thereof. It is not sufficient to show that defendant had reasonable cause to believe that they were untrue. (See cases cited in opinion.)

3. **Appeal:** PRACTICE : MOTION TO STRIKE OUT EVIDENCE : WHEN NOT DECIDED. A motion in this case to strike out the evidence is not considered, because no question based on the evidence is decided.

4. ——— : ——— : OBJECTIONS TO INSTRUCTIONS : ESTOPPEL. Where instructions asked by appellant were applicable to the issues, appellee cannot claim that they were not applicable to the evidence, where he asked instructions applicable to evidence of the same character as that contemplated by the instructions in question.

5. ——— : RECORD : EXCEPTIONS TO INSTRUCTIONS. Instructions and exceptions thereto are a part of the record, and they need not be made of record by bill of exceptions. ( See Code, sec. 2787 ; *Wells v. Burlington, C. R. & N. Ry. Co.*, 56 Iowa, 520.)

*Appeal from Monroe District Court.*—HON. DELL STUART, Judge.

FILED, DECEMBER 19, 1888.

ACTION at law to recover damages arising from false and fraudulent representations as to the ownership and title of certain lands, inducing plaintiffs to convey

to defendants certain other lands in exchange for the land first named. There was a verdict and judgment for plaintiffs. Defendants appeal.

*James Coen* and *Henry L. Dashiell*, for appellants.

*T. B. Perry* and *W. A. Nichol*, for appellees.

BECK, J.—I. Numerous errors are assigned upon the record. Many are but repetitions, being based upon the same rulings, but presented in different forms. It is unnecessary to discuss any of the assignments of errors other than those which we find to be well taken, and upon which the judgment of the district court is reversed.

II. The district court, on its own motion, gave to the jury an instruction in the following language:

1. FALSE repre-sentations: civil action: statement without knowledge: instruction. "(7) Representations and statements must not only be false, but the party making them must have known them to be false, or. must have stated that he knew a proposition to be true, concerning which he had no knowledge. If, therefore, a person make a statement of material facts which he knows to be false, or if he state that he knows a matter to be true concerning which he has no knowledge, he is, in either case, guilty of false and fraudulent representations; and if the other party believed such representations, and relied thereon, and was induced thereby into the transaction from which he has suffered, fraud is established, and the injured party will be protected by the law, and his injuries must be redressed." The defendant asked, among other instructions, the following, which were refused: "(3) The plaintiff must also prove by the preponderance of evidence that such representations were false. (4) The plaintiff must also prove by the preponderance of evidence that the defendant knew that the representations were untrue. (5) The petition also alleges that said representations were known by the defendant, when he made them, to be untrue. To prove the allegations it is

Allison v. Jack.

not sufficient to show that the defendant had reasonable cause to believe that said representations were untrue. The plaintiff must prove that the defendant knew said representations to be untrue." The representations referred to in these instructions are those made by defendant inducing plaintiff to convey the land to defendant, the alleged falsity of which is made the ground of this action.

III. The foregoing instruction, given to the jury, in our opinion, is erroneous, for these reasons: It holds that the statement of a matter of which defendants had no knowledge would authorize the jury to find that defendants was guilty of false and fraudulent representations. The jury are not required to find that the statement is false. They therefore, under the instruction, could have found against defendant without finding that the representations he made without knowledge were false. In this regard the instruction is plainly erroneous. Counsel for plaintiffs think that the error or omission is cured by the fact that the petition alleges as the ground of recovery that defendant knew his representations were false, and the seventh instruction directs that recovery can be had only in case the representations are found to be false. But it will be observed that the direction is applicable to statements known to be false, and not to statements of which defendant had no knowledge. It may be that the court did not intend to recognize the distinctions pointed out, and that the jury ought to have known that they could not have found defendant guilty of fraud in making representations without knowledge, unless the falsity of such representations are proved, but we cannot reach this conclusion in the exercise of any presumption authorized by law. The instruction seems to leave it to the jury, in the exercise of their discretion, with or without evidence, to determine whether the matters represented were or were not true. In our opinion the instruction in the particular under consideration was misleading, and resulted in prejudice to defendant. We understand counsel to admit that the law requires the knowledge of

defendant to be established by proper proof in order to authorize the jury to find that he is guilty of fraud. It is needless to cite decisions in support of the doctrine.

IV. The third and fourth and fifth instructions asked by defendant, which are quoted above, should have been given. The falsity of the representations and defendant's knowledge thereof must be established by proof in order to render him liable. Of course such proof must be by the preponderance of the evidence. The fifth instruction is correct, and should have been given. It is not sufficient to show that defendant had reasonable cause to believe that the statements were untrue. These instructions are in accord with the following decisions of this court: *Holmes v. Clark,* 10 Iowa, 423; *Hallam v. Todhunter,* 24 Iowa, 166; *McKown v. Furgason,* 47 Iowa, 636; *Avery v. Chapman,* 62 Iowa, 147.

*2. ——: ——: what must be proved.*

V. The plaintiffs ask this court, by motion, to strike out the evidence in defendants' abstract on the ground that the transcript of the short-hand report of the evidence was not filed in time in the office of the clerk of the district court. We need not determine the question thus raised. It may be assumed that the evidence is not properly before us. But as we decide no question based thereon, its consideration is unnecessary. The same decision would be made whether we do or do not consider the evidence.

*3. APPEAL: practice: motion to strike out evidence: when not decided.*

It will be observed that we decide the case upon rulings on the instructions. It is not claimed that any of these rulings were made on the ground that the instructions were not applicable to the evidence. The pleadings show that the instructions are applicable to the issues, and, as plaintiffs asked instructions which are applicable to evidence of the same character as the instructions in question contemplate, they cannot now claim that these instructions are not applicable to the evidence. We think it sufficiently appears, without consulting the evidence,

*4. ——: ——: objections to instructions: estoppel.*

that the instructions in question were applicable to the evidence, and none of them were refused on the ground that they were not.

VI. Plaintiff moves to strike the instructions out on the ground that they were not saved by bill of exceptions. But instructions are a part of of the record, and they need not be embodied in a bill of exceptions. Exceptions to the giving or refusing to give the instructions are noted upon the margins thereof. These things are sufficient, without a bill of exceptions, to authorize this court to review the rulings made by the district court thereon. Code, sec. 2787; *Wells v. Burlington C. R. & N. Ry. Co.*, 56 Iowa, 520.

5. ——: record: exceptions to instructions.

VII. Many rulings upon the admission of the evidence are complained of. They need not be considered, as they may not arise again. Other questions in the case need not be discussed, as the judgment, for the errors in the rulings upon instructions above pointed out, must be                              REVERSED.