PHELPS *et al.* v. JAMES *et al.*

1. **False Representations:** INSTRUCTIONS. In an action for false representations, the court instructed the jury that if they found that defendants made false representations to the effect complained of \* \* \* their verdict should be for plaintiffs. *Held* not erroneous on the ground that it was not limited to the representations testified to by plaintiffs.

2. ———: EXCHANGE OF LANDS: CONTRACT. Plaintiffs and defendants exchanged lands under a written contract containing stipulation that the exchange was made without regard to the valuation of the lands. *Held* that if this provision bound the parties to take the lands as they were, regardless of what they were represented to be, still either party would be liable to the other for false and fraudulent representations with regard to the value and character of the lands conveyed by him, which induced the other to enter into the contract.

3. ———: INSTRUCTIONS: QUESTION FOR JURY. In such case the court instructed: "If the defendants \* \* \* did not know the condition of said land, it was their duty to remain silent, and it would be a false representation if said defendants delivered said so-called guaranty as a true description of said land, even though they did not in fact know said description to be false." *Held* erroneous, in that it alleged as a matter of fact that the representations by means of a guaranty given in evidence were false,—that being a question for the jury.

4. ———: ———: KNOWLEDGE OF FALSITY. To render one liable for false representations, not only the falsity of the representations, but his knowledge thereof, must be proved, and instructions given in this case were erroneous for holding otherwise. (See opinion for citations.)

*Appeal from Polk District Court.*—Hon. Marcus Kavanagh, Jr., Judge.

Filed, February 1, 1890.

Action to recover for false and fraudulent representations made by defendants' agents as to the character, condition and value of a tract of land, whereby plaintiffs were induced to enter into a contract for the exchange of other real property for it. There was a judgment upon a verdict for plaintiffs. Defendants appeal.

*Bousquet & Earle*, for appellants.

*Reed & Reed* and *McGarry & Brown*, for appellees.

Beck, J.—I. The plaintiffs and defendants entered into a contract for the exchange of real estate; the property exchanged by plaintiffs being a farm in Lee county, and that exchanged by defendants a hotel in Indianola. The contract was made for both parties by agents. The false and fraudulent representations which it is alleged induced plaintiffs to make the contract, related to the quality of the land, its improvements, rental value, etc. In one count of the petition recovery is sought upon a written guaranty as to the location, condition, quality, improvements, etc., of the land. The parties entered into a written contract specifying the terms of the trade, the description of each piece of property, the incumbrances thereon, obligations to furnish abstracts of title, and to make warranty deeds for the property and other terms not necessary to be here stated. The contract contains a condition in these words: "The above is an exchange of said property without regard to valuation of said property or either of them."

II. The first instruction directs the jury that if they find defendants, by themselves or agents, made

**1. FALSE representations: instructions.** false representations to the effect complained of, knowing them to be false, upon which plaintiffs relied, and were thereby induced to enter into the contract, their verdict should be for plaintiffs. It is insisted that the instruction is erroneous for the reason that it refers to representations generally, and not those testified to by plaintiffs. The court rightly made the language of the instruction general, so that it would be applicable to any representations which are covered by the allegations of the petition.

III. It is insisted that this instruction is, and others are, erroneous, in that they hold defendants liable for **2. ——: exchange of lands: contract.** false representations which induced defendants to execute the contract for an exchange of the lands. Counsel for defendants, as we understand them, insist that, under the condition of the contract above quoted, the trade was made without regard to the value of the lands, their condition, improvements, etc., and both parties are precluded thereby from complaining if the lands prove not to be as represented by the parties in their negotiations and contract. But if it be admitted that the condition of the contract is such that the parties are bound to take the lands as they are and not as they were represented to be, yet it cannot be doubted that the defendants are liable for false representations which induced plaintiffs to enter into the contract for the exchange of lands. If plaintiffs by the false and fraudulent representations were induced to enter into that contract, relying upon defendants' representations as to the lands, surely they will be liable for thus inducing plaintiffs to enter into a contract under which they are cut off from urging, as a defense to the enforcement of the contract, such false and fraudulent representations. And defendants are liable if the plaintiffs by the false and fraudulent representations were induced to enter into the contract which by its terms prescribes that plaintiffs shall not object to the quality, condition or value of the land, and urge such objections against the enforcement of the contract.

Phelps v. James.

IV. The district court directed the jury in the following language: "If the defendants or their agents did not know the condition of said land, it was their duty to remain silent, and it would be a false representation if said defendants delivered said so-called guaranty as a true description of said land, even though they did not in fact know said description to be false." This instruction is apparently erroneous in that it alleges as a matter of fact that the representations of defendants by means of a guaranty, given in evidence, were false. The jury would not fail to understand the plain language of the instruction as so directing them. It is scarcely necessary to observe that whether the representations were false was a matter of fact to be determined by the jury.

*3. —: instructions: question for jury.*

V. The instruction errs in holding that defendants are liable for false representations, even though they did not know the representations to be false. The rule is that to render one liable for false representations the falsity of the representations and his knowledge thereof must be established by proof. *Allison v. Jack*, 76 Iowa, 205; *McGrew v. Forsythe*, 31 Iowa, 181; *Hallam v. Todhunter*, 24 Iowa, 166; *Mitchell v. Moore & Moore*, 24 Iowa, 394.

*4. —: —: knowledge of falsity.*

Another instruction, the fifth, erred in omitting to direct the jury that, to render defendants liable for false representations, the representations should have been known to them to be false.

VI. Counsel for defendants contend that the errors in these instructions are without prejudice for the reason that the knowledge of plaintiffs was shown by the evidence. There was evidence tending in that direction but it cannot be said that the fact was established beyond question. It was the right of defendants to have the question submitted to the jury for determination.

Other questions in the case need not be considered as they may not arise upon another trial. For the errors above pointed out, the judgment of the district court is REVERSED.