Lucien H. Alexander *vs.* Peter Thompson.

February 10, 1890.

**Written Acknowledgment of Sum Due—Parol Evidence.**—A mere written acknowledgment of a sum due is not a complete contract in writing, so as to exclude oral testimony to contradict or explain it.

**Same—Estoppel.**—The maker of such a writing is not estopped by it as to any one who may purchase the supposed debt.

**Offer of Proof—Proper Form.**—A general offer to prove the facts stated in a pleading is not proper. The offer should specify the facts proposed to be proved.

**Same—Proper Form of Objection.**—The proper objection to such an offer is that it is not sufficiently definite and specific. The objection that it is incompetent, irrelevant, and immaterial is not a good one.

Two actions, brought in the district court for Blue Earth county, one on each of the following instruments:

"In consideration of full release of obligation to 1st Nat. Bank, Worthington, guaranteed by George J. Day, due George J. Day, in settlement, $1,631.41 on within account. March 14, 1888. Peter Thompson."

"Due George J. Day in settlement $1,050, value received. Worthington, Minn., May 11, 1888. PETER THOMPSON."

Plaintiff sues as a purchaser from Day. The cases were tried together by *Severance*, J., and judgment was ordered for plaintiff, who appeals from an order in each case granting a new trial.

*Daniel Rohrer* and *J. L. Washburn,* for appellant.

*Warner & Lawrence,* for respondent.

GILFILLAN, C. J. In neither of these cases is the instrument sued on a complete contract. In some states a due-bill is held to be a promissory note; in others it is held to be so if it contains words denoting a promise to pay or an intent that it shall be negotiable. But the better authority, as well as most consistent with principle, is that a mere acknowledgment of indebtedness is not of itself a contract. It is rather an admission of fact, and, like all mere admissions, written or oral, it might be contradicted or explained by parol. It does not affect this rule that, from the facts admitted, the law would imply a promise to pay. One might in writing admit the facts that another had at his request rendered for him services of a specified value, and had not been paid. The law would imply from such facts a promise to pay such value. But undoubtedly the written admission of facts might be contradicted or explained by parol. Nor do the cases come within those where it is held that parol evidence is not admissible to vary the sense or construction to be legally implied from the written contract; for in those cases there was a completed written contract, and not a mere admission of fact, from which fact a promise would be presumed.

The principle of estoppel has no application to the case, because the writings were matters exclusively between Day and defendant, and were not intended nor expected to be relied upon or acted upon by any one else, and no one else had the right to rely or act upon them. Upon both these points the cases come within the decision in *Robson* v. *Swart,* 14 Minn. 287, (371.)

At the trial in each case the defendant made certain offers of evidence to sustain his answer. Instead of specifying in the offers what particular facts he proposed to prove, as is the proper way, he offered, in general terms, to prove the allegations of his answer. The

proper objection to make was that the offer was not definite and specific, which objection, if made, he might easily have obviated. The objection made was that the proof was incompetent, irrelevant, and immaterial, which did not relate at all to the form of the offer. By placing the objection on those grounds, the plaintiff waived, as he had a right to do, all objection to the mere form of the offer. The grounds of objection stated withdrew the mind of the court and opposing counsel from the form, and directed it to the substance, of the offer. The answer in each case certainly shows a defence to any action on the writing. It is, in substance, that the parties to the writings were engaged in making a final settlement of their partnership business, and division of their partnership property, and that the writings were given while they were so settling, in order to show how, at the time the writing was given, the accounts stood in the settlements, and that upon the full and final settlement Day was entitled to a credit to the amount specified, on account of the matters up to the time gone over in the course of settling, and that their partnership business has, owing to the refusal of Day, never been fully and finally settled. If such were the facts, and the purpose for which the writings were made, no absolute promise to pay the amounts specified would be implied. They could have no other effect than to entitle Day to credits in the full settlement.

Orders affirmed.