Mary Murphy, Appellant, v. Rebecca Murphy, Administratrix.

Practice: JURY QUESTION: ADVANCEMENTS. On one side there was
1  the presumption that money furnished a son by his mother, was
an advancement, and there was other evidence which conflicted
on whether said money was a loan or an advancement. The
court charged that all but forty dollars of the sums which plaint-
iff sought to recover as loans was, presumptively, barred by the
2  statute of limitations, and this instruction is not complained of.
The jury allowed plaintiff forty dollars. *Held,* the verdict must
stand, on appeal.

SAME. On the intent with which the money was furnished, it was
proper to consider the relations sustained by mother and son and
4  plaintiff's declarations that she gave her son more than her other
children because he had cared for her.

SAME. After money had been furnished the son by the mother, he
signed a dated memorandum stating, simply, that he had, at some
3  time, borrowed stated sums from some person. There was oral
evidence bearing on the application of said memorandum. *Held,*
the purpose and effect of this writing was for the jury.

*Appeal from Lucas District Court.*—Hon. H. C. Trav-
erse, Judge.

Friday, May 31, 1895.

This is a proceeding to establish a claim for money loaned by plaintiff to L. H. Murphy during his lifetime against the defendant, as administratrix of his estate. The case was tried to a jury, and a verdict returned, from which plaintiff appeals.—*Affirmed.*

*Stuart & Bartholomew* for appellant.

*Dungan & Knowles* and *Mitchell & Penick* for appellee.

Deemer, J.—The plaintiff is the mother of L. H. Murphy, deceased, and the mother-in-law of the defend-

ant, who is administratrix of her husband's estate. Plaintiff's husband died in the year 1867, seized of one hundred and sixty acres of land in Louisa county. After the husband's death, the heirs all quitclaimed their interest in the land to the plaintiff, and she remained on the farm for nearly two years, when she sold it. About the same time she sold some property she owned in her own right in the state of Ohio. Soon after selling the properties, she removed to Lucas county, Iowa, and for a time loaned her money to various outside parties, some of her sons attending to the business. Soon, she concluded to let her children have her money, and, to carry out this purpose, she at various times furnished each of her children certain sums of money. In the claim she filed against the estate of her son L. H. Murphy, she alleged that she furnished him in all the sum of three thousand and four dollars at various times during the years 1876 to 1893, inclusive; that the amounts so furnished were loaned to L. H. Murphy under an express promise on his part to repay or return the same on demand. This is denied by the administratrix, who claims that the amounts so furnished were advancements or gifts, and that all items of the claim, except forty dollars, are barred by the statute of limitations. The case was submitted to the jury upon the issues thus tendered, and the jury returned a verdict for plaintiff for forty dollars, and the plaintiff appeals.

I. It is insisted on behalf of appellant that the verdict is contrary to the evidence, and is not sustained thereby. The rule is recognized that, when there is a substantial conflict in the evidence, we cannot interfere; but counsel contend that there is no such conflict in this case. With this contention we cannot agree. The court below properly instructed the jury that the presumption obtained that the money was furnished as an advancement, and that

the burden rested upon the plaintiff to show that the money was loaned, and left it with them to determine, from all the evidence in the case, what the intent was. In addition to the presumption which existed in defendant's favor, there was testimony showing or tending to show admissions made by the plaintiff that she furnished the money to her son without any intention of demanding repayment of the same. It is true that there was other testimony tending strongly to show a loan of the various sums advanced, and it may be that, had we to decide the question, we would find that the preponderance of the testimony was with the plaintiff. But, as there is a manifest conflict in the testimony, we cannot interfere. What we have said is based upon the assumption that the jury found that the money was furnished as an advancement. It is well to note, however, that defendant also interposed the statute of limitations as a bar to plaintiff's right of recovery. With reference to this defense, the court gave the following instruction: "(5) If you find that the items of plaintiff's claim, or any of them, were loans to deceased, then I direct your attention to a consideration of the defense of the statute of limitations. All the items of plaintiff's claim, except the last one, the forty dollar item, are barred by the statute of limitations unless said loans, if they were loans, were made under the agreement or understanding between the parties that said debts were to be a continuing liability, or that indefinite delay in the repayment, at the option of plaintiff, was contemplated by the parties, or that plaintiff might call for the money when she needed it or desired it, but need not make a demand therefor at any specified time. If such, in substance and effect, was the agreement or understanding between Mary Murphy and L. H. Murphy, then the items of plaintiff's claim resting in account are not barred or outlawed. The one hundred dollar note, Exhibit D, which has been introduced in evidence

by defendant, is, by the terms of said note, barred by the statute of limitations." This instruction is not complained of, and for that reason will be treated as the law of the case. So treating it, we are not prepared to say there was no evidence to sustain the defense that the claim is barred by the statute of limitations. This instruction says, in effect, that the presumption is that the claims were barred even if they ever had any existence, and that the burden was upon the plaintiff to establish some one of the facts stated to take the case out from under the bar of the statute. The jury may well have found that the plaintiff did not meet this burden, and that the claim was barred by the statute.

II. Next it is insisted that the court was in error in refusing to construe, or instruct the jury as to, the legal effect of a certain written statement of indebtedness made by the deceased to the plaintiff, and in submitting to the jury the question as to the legal effect and proper construction of such written instrument.

It appears from the testimony that, after certain of the moneys had been furnished to deceased, he, for some purpose, executed in his own handwriting, and signed, the following statement:

"Notes paid on the 80 acres that was bought of Rufus Clapp:

| | | |
|---|---:|---:|
| First note ........................... | $ 520 | 00 |
| Second note ......................... | 480 | 00 |
| Third note .......................... | 440 | 00 |
| Total ............................ | $1,440 | 00 |
| Money borrowed to pay D. Miller .... .... | 160 | 00 |
| Money borrowed to pay John Clapp and get harness ......................... | 175 | 00 |
| Money borrowed to pay on eastern loan..... | 60 | 00 |
| Money borrowed to pay on eastern loan..... | 50 | 00 |
| Money paid to J. Johnson................ | 307 | 00 |

| | | |
|---|---|---|
| Money borrowed to buy corn and pay taxes. | 177 | 00 |
| One horse and one cow ................... | 125 | 00 |

|  |  |  |
|---|---|---|
| Total ............................ $2,494 | 00 |
| October, 1894. | L. H. Murphy." |

Plaintiff claims that this is a contract between the deceased and his mother to pay the amount named as borrowed from her; that it is an unconditional acknowledgment of a debt, from which an implied promise to pay arises, or that, if it be not so construed, that it is a solemn admission that deceased borrowed the money from his mother; and that, in either event, it was the duty of the court to construe it, and give to the jury its legal effect. Plaintiff asked certain instructions in line with this contention, which were refused by the court, and exceptions taken. The court gave the following instruction with reference to this statement: "If you find that Exhibit C, which has been introduced in evidence, is in the handwriting of and signed by deceased, then, from said writing and the verbal testimony showing for what purpose and under what circumstances it was executed, you will determine whether deceased thereby intended to recognize the items therein stated as loans. But all the evidence of every kind should be considered. The burden of proof is on plaintiff to show by the weight or preponderance of the evidence that the items of her claim are loans or debts, and not advancements. But this showing only need be made by the weight of the evidence." We do not think the statement is an unconditional acknowledgment that these claims were in existence at the time it was made. There is no acknowledgment of present indebtedness, and nothing from which a promise to pay can rightfully be implied. Giving to it the most liberal construction, it is but a statement or admission that at some time Murphy had borrowed certain amounts from some person; not that he was still

a debtor, or that he was under a legal obligation at that time to make payment thereof. Such being the effect of the statement, it was no more than an admission, which the jury were by the instruction properly authorized to consider, and give such weight as they believed it was entitled to receive. Defendant contends, and insisted before the jury, that the paper was a mere memorandum, made by the deceased at the request of the plaintiff, that she might make use of it as evidence in the subsequent division of her estate among her heirs. It was for the jury to say for what purpose it was made and what effect should be given it. *Avery v. Chapman*, 62 Iowa, 144 [17 N. W. Rep. 454]; Thompson, Tr. section 1098, and cases cited; Greenleaf Ev. section 212; *Alexander v. Thompson*, 42 Minn. 499 [44 N. W. Rep. 534]. It is conceded that if the paper amounted to a contract, if it were an agreement to pay, then it was the duty of the court to construe the same, and give to the jury its legal effect. But, being a mere admission, the weight of it was for the jury.

III. The defendant, in addition to the defenses above referred to, pleaded a counterclaim for boarding and caring for the plaintiff during quite a long period of time, and she was permitted to prove that she did furnish plaintiff with board and washing, and the reasonable value thereof; but the court on cross-examination refused to allow a question propounded to defendant as to whether she was expecting pay for the services or not to be answered. This ruling was made after defendant's counsel had in effect stated that they abandoned all claims for services, and had introduced the testimony as to the care and attention given plaintiff to support their theory that the money furnished was an advancement. The court instructed the jury that there was no evidence to support defendant's counterclaim, and also gave the following: "If the plaintiff made her home with L. H. Murphy for a number of

years, or if he (L. H. Murphy) labored for her after he became of age, then you may consider such facts when passing on the question as to whether the items of plaintiff's claim, or any of them, were advancements or loans to the deceased." The ruling on the evidence and the giving of this last instruction are complained of. To understand the question presented, it is necessary to consider some of the facts disclosed by the evidence. There was testimony showing or tending to show that, after the death of plaintiff's husband, her son L. H. Murphy remained at home for nearly two years, and assisted plaintiff in the management of the farm, which had been quitclaimed to her by the heirs, and in the payment of debts existing against her deceased husband; that plaintiff lived with L. H. Murphy for fourteen out of nineteen years, and was furnished her board and washing, and cared for in sickness and health, by L. H. Murphy and his family, and that the care given to plaintiff was worth the sum of three dollars per week. The testimony as to value was not objected to. And there was also testimony tending to show that plaintiff stated a number of times that she gave the money furnished to her deceased son because of the services performed for her, and that she gave him more than she did the other children because he had furnished her more of sustenance and care. Considering the rulings complained of in the light of this testimony, it is manifest that they were each and all correct, and that plaintiff had no cause for complaint.

IV. Counsel strenuously insist that the verdict in this case, if allowed to stand, works manifest and absolute injustice to the plaintiff. It may be this is true, but, if it does, it is due to the very careless and negligent manner in which plaintiff did her business. True, she was dealing with her own kin, but she is conclusively presumed to know, when she furnished them money, that the presumption arose that it was an

advancement.   The exercise of a little care at the time
the money was furnished would have saved her from
the results she now so bitterly complains of.   The ver-
dict has evidence in its support, and we find no errors
committed during the trial which are prejudicial, and
the judgment is *affirmed.*