(Superior Court of Cincinnati.)
Special Term.

WILLIAM    WUEST   v.    CAROLINE
WUEST, et al.

It is of the very essence of an estate in fee simple absolute, that the owner, who is not under any personal disability imposed by law, may dispose of it. An attempt, therefore, to impose upon the owners of a fee simple estate a restriction against partitioning can not be upheld.

The owner of an absolute estate in fee simple may, by deed or by will, transfer an estate therein less than the whole or may transfer the whole upon conditions, the breach of which will terminate the estate granted; or he may create a trust, whereby the beneficiary may not control the corpus of the trust, or even anticipate its profits.

No particular formality of words is necessary to create a trust by will. The intention of the testator determines whether the trust has been created.

A devise was made to A of certain real estate in trust to collect the rents and profits of the same, and pay them to B who was *sui juris* for a period of ten years, at which time the trust was to terminate and the property to vest absolutely in fee simple in B. *Held,* that such trust was invalid and·that B was entitled to the property at once, discharged of said trust. .

SMITH, J.

In December, 1895, Anna C. Rieger died intestate, owning two pieces of real estate in the city of Cincinnati, one on Orchard street, between Main and Sycamore, and another on Jackson street, between Twelfth and Thirteenth streets.

The fifth, sixth and seventh paragraphs of the will are as follows:

"Fifth—I give, devise and bequeath all my real estate, of which I shall die seized or possessed, or to which I may be entitled at the time of my death, and wherever the same may be situated, unto my three children, viz.: Anna Catharine Hamer, William Wuest, and Caroline Meineke, to be divided among them in the following proportions, to-wit: My said daughter, Anna Catharine Hamer, and my said son, William Wuest, shall each receive one undivided one-fourth part of the same, and my daughter Caroline Meineke shall have and receive the remaining one- half of the same, and my said three children shall have and hold the same unto them, their heirs and assigns, absolutely and forever; but in the division of my said real estate, I direct, however, that my said daughter Anna Catherine Hamer be charged with the sum of seven hundred ($700.00) dollars; and that my said son William Wuest be be charged with the sum of two hundred ($200.00) dollars, I have hereunto given unto them in the way of advancements, and the said sums, without interest, however, shall be deducted from their respective shares in the division of my real estate.

"Sixth—I will and direct, however, that no sale, division or partition of my real estate shall take place before the expiration of ten years after my death; and I hereby authorize and empower my executor hereinafter named to manage and control my said real estate from the time of my death until the same may be divided or sold as aforesaid, and he shall do all things necessary in managing the same, as I now do. For his services he shall be entitled to a reasonable compensation, which he may take or retain from the rents collected by him, and the balance of said rents, after paying out of them all taxes, rates, charges and assessments levied against said real estate, and all costs for repairs, insurance, and all other necessary expenses, he shall divide promptly among my said three children in the proportion aforesaid, once in every six months, to-wit: One-fourth part of the same he shall pay unto my said daughter Anna Catherine Hamer, one-fourth part of the same unto my son William, and one-half of the same unto my said daughter, Caroline Meineke.

"Seventh—I have nominated and appointed my said son John Wuest sole executor of this my last will and testament, and I request the court that he be not required to give any bond as such executor."

Plaintiff says that he has a legal right to and is seized in fee simple as devisee of Anna C. Rieger; that the defendants are the only other persons who under said will have any interest in the property, and he prays that said property may be partitioned and his interest may be set off to him in severalty.

The defendants have demurred to the petition, and the sole question is whether the provision in the will is valid in which it is declared "that no sale, division or partition of my said real estate shall take place before the expiration of ten years after my (the testator's) death."

The plaintiff contends that this provision is void on the authority of Anderson v. Carey et al., 36 O. S., 506. In that case "Lands were devised as follows: I give and bequeath the farm on which I now live, of two hundred and eighty-five acres, to my two sons, Thomas and Lincoln, upon the following conditions: 1.

I direct, that they, the said sons, shall not be allowed to sell and dispose of said farm until the expiration of ten years from the time my son Charles Lincoln arrives at full age, except to one another. nor shall either of my said sons have authority to mortgage or incumber said farm in any manner whatsoever except in the sale to one another aforesaid."

In holding invalid "the restraint attempted to be imposed on the power of the devisees to alien or encumber the estate" the court said:

"By the policy of our laws, it is of the very essence of an estate in fee simple absolute that the owner, who is not under any personal disability imposed by law, may alien it or subject it to the payment of his debts at any and all times: and any attempt to evade or eliminate this element from a fee simple estate, either by deed or will, must declared void and of no force. Hobbs v. Smith, 15 O. S. 419."

"Of course we do not deny that the owner of an absolute estate in fee simple may by deed or by will transfer an estate therein less than the whole, or may transfer the whole upon conditions, the breach of which will terminate the estate granted, or that he may create a trust whereby the beneficiary may not control the corpus of the trust, or even anticipate its profits. But as we construe this will, nothing of the kind has been attempted. The attempt here was to fasten upon the estate devised a limitation repugnant to the estate, which limitation, and not the devise, must be for that reason declared void."

The defendants do not dispute the soundness of the principles laid down in Anderson v. Carey, because they rely upon it as an authority in their favor; for they claim the devise in this case falls within one of the exceptions stated in that case, viz.: That if the devisor creates a trust in the property whereby the beneficiary may not control the corpus of the trust, then during the existence of the trust there can be no partition of the property, because such partition would destroy the trust; and in this case it is claimed such a trust is created by the provision in the will in the sixth paragraph, which authorizes and empowers the executor to manage and control the real estate from the time of the death of the testator until it is sold or divided according to the will—which can not be at a period earlier than ten years after the death of the testator.

It is admitted by the plaintiff that if a trust is created by the will in the executor, then the contention of the defendants is sound; but it is denied that any such trust is created, for

the reason that neither the legal nor equitable title of the real estate is in the executor.

In Perry on Trusts, section 82, it is declared that. "There is no particular formality required or necessary in the creation of a trust"; and this statement is fully sustained by numerous authorities, and especially so with respect to wills, as in Quinn v. Shields, 62 Iowa, 144, .where it is declared that"In order to create a trust estate by will, the law requires no particular form of words to be used by the devisor. If his intention is sufficiently disclosed that the property shall be held and disposed of by the trustee named, a trust estate vests in the trustee under the will."

Although the testator in this case has not used such formal language as would be proper to create a trust in the executor. yet reading the will as a whole, and giving effect to all of its provisions, I can not doubt that it was the intention of the testator to place this property in the charge of the executor until the time of division or sale fixed by the will, and that he thus creates a trust in the executor.

So far as the questions argued before me are concerned, this conclusion would dispose of the case in favor of the defendants; but for reasons which I shall now proceed to state, I regard this trust as invalid, and therefore no obstacle to the partition sought by the plaintiff.

The principle upon which I rely and the authorities sustaining it are found in Gray on Restraints on the Alienation of Property, section 105 et seq.

In section 105 it is said:

"When the fee or absolute property in land or chattels is given to A, and there is a direction not to convey to him till he reaches a certain age, say thirty, but no other person has in any event any interest either in the principal or income, the direction to postpone is disregarded and A is entitled to a conveyance at once. He has an indefeasible fee or absolute interest, which he can sell or mortgage, and it is deemed against public policy to deprive an adult sane man or unmarried woman of the use of land or goods in which he or she has an absolute and indefeasible property. So if one entitled to be paid the rents and profits for life as cestui que trust purchases the reversion, he can call on the trustees for a conveyance of the estate."

I select only a few of the cases cited by Mr. Gray in support of the proposition stated by him.

Saunders v. Vautier, 4 Beaven, 115. Bequest of stock to trustees on trust to accum-

[COPYRIGHT, 1901, BY CARL G. JAHN.]

ulate the interest and dividends until V should attain twenty-five, and then pay the principal with the accumulations to V. Held by Lord Langdale, M. R., and on appeal by Lord Cottonham, C., that V. was entitled to have the stock and accumulations transferred to him on coming of age.

In Gosling v. Gosling, H. R. V. Johns, 265: "A direction that no devisee should be put in possession of the testator's estate, or enjoy the rents or profits of any property left by him, until reaching twenty-five, the rents and profits meantime to accumulate, was held inoperative. Sir W. P. Wood, V. C., said (p. 372):

"The principle of this court has always been to recognize the right of all persons who attain the age of twenty-one to enter upon the absolute use and enjoyment of the property given them by will, notwithstanding any directions by the testator to the effect that they are not to enjoy it until a later age; unless, during the interval, the property is given for the benefit of another. If the property is once theirs, is is useless for the testator to attempt to impose any fetter upon their enjoyment of it in full, so soon as they attain twenty-one. And upon that principle, unless there is in the will, or in some codicil to it, a clear indication of an intention on the part of the testator, not only that his devisees are not to have the enjoyment of the property he has devised to them until they attain twenty-five, but that some other person is to have that enjoyment—or unless the property is so clearly taken away from the devisees up to the time of their attaining twenty-five as to induce the court to hold that, as to the previous rents and profits, there has been an intestacy—the court does not hesitate to strike out of the will any direction that the devisees shall not enjoy it in full until they attain the age of twenty-five years."

In R. Jacob's will, 29 Beav. 402, a residue was bequeathed to the testator's sons equally, the capital not to be divided until they should all become settled in life, the interest of their portions alone to be paid after they were all provided for, until they severally became thirty years old, when the capital was to be placed at their disposal. Held, that each son was entitled to his share of the capital on reaching twenty-one.

For the reasons above given I am of the opinion that the trust which the testator endeavored to create in the executor, by which the right to manage and control the property was taken away from the devisees of the fee simple in th same, is invalid, and that the devisees hold the same free from any such trust; being the owners of the fee simple, the provision in the will against a sale or partition of the property is also void on the authority of Anderson v. Carey, 36 Ohio St., 506.

The demurrer to the petition will therefore be overruled.

Another question which has suggested itself to my mind, but which I have not found it necessary to consider, is, for what length of time designated in years can a trust in Ohio be created, our statute section 4200 against perpetuities providing that the vesting of estates can not be postponed beyond the immediate issue of persons in being at the time of death of the testator. If a trust for ten years is good, is one for fifty years, or seventy-five years, or one hundred years? What period of time is the limit?

W. M. Fridman, for Plaintiff.

M. G. Heintz and Jerome D. Creed, for Defendant.