E. J. MENTZER v. FLOYD P. SARGEANT and D. E. SARGEANT, Appellant.

Fraudulent Representations: KNOWLEDGE OF FALSITY. In an action for fraudulent representations in the sale of a patent right it is incumbent on plaintiff to show not only that defendant made the false representations, but also that he knew or had reason to believe their falsity at the time, and evidence that defendant believed in their truth should be received.

SAME: *Instructions.* In an action for fraudulent representations, a charge that, if defendant falsely represented that his patent covered certain property, plaintiff could recover whether or not defendant knew his representations to be false, is error, and is not cured by the fact that the court in other portions of the charge included the element of fraud in stating what was necessary to make out plaintiff's case.

EVIDENCE: *Agency.* In an action for fraudulent representations inducing a sale, where it is claimed that part of the representations were made by a third person at the instance of the defendant, testimony as to what the third person said, after the sale was made, about being in defendant's employ, is inadmissible.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

MONDAY, FEBRUARY 3, 1902.

ACTION to recover damages for fraud practiced in the sale to plaintiff of a worthless patent right and some other chattels. Trial was had to a jury, and from a verdict and judgment in plaintiff's favor against Floyd P. Sargeant, the latter appeals.—*Reversed.*

*Deacon & Good* and *C. W. Kepler* for appellants.

*Giffin & Voris* for appellee.

WATERMAN, J.—There was a directed verdict in favor of D. E. Sargeant. The issues here are such only as arose between plaintiff and Floyd P. Sargeant. The latter, claiming to own a patent right on a certain washing machine, sold to plaintiff the right to manufacture and sell such machines in certain counties of this state, and, also, as a part of the same transaction, sold and delivered to plaintiff a number of completed machines and 25 oil gas stoves. The consideration paid by plaintiff was $320 in cash and four lots in the city of Marion. Defendant Floyd P. Sargeant, in addition to a general denial, filed a counterclaim, founded upon a misrepresentation as to the value of the lots conveyed to him by plaintiff. The fraud alleged by plaintiff is that the patent did not cover the machines represented, which were of the kind sold, and therefore plaintiff had no right to manufacture or sell the same in the allotted territory. The damages claimed amounted to the full purchase price paid, and fendant's counsel argue from this that the action was to rescind the contract and recover the consideration paid, and they then go on to show wherein plaintiff had failed to put himself in such situation as to entitle him to this relief. We think the petition states a claim for damages on the ground of fraud, and it was submitted, and properly, to the jury as such. Without following in detail the argument of counsel on each specific objection taken, we think we can make clear the rules of law governing the issues involved. To make out his case it was incumbent on plaintiff to show, not only that defendant made false representations as to the patent, but also that he knew, or had reason to believe, such statements to be false when they were made. *Boddy v. Henry,* 113 Iowa, 462. The rule is very fully

considered in that case, the authorities examined, and the conclusion reached that it is not enough for a plaintiff in an action of deceit for damages to show that the representatives were made through mistake, ignorance or carelessness. He must show that they were false within the knowledge of the party making them. See, also, *Sylvester v. Henrich,* 93 Iowa, 489; *Gee v. Moss,* 68 Iowa, 318; *Bondurant v. Crawford,* 22 Iowa, 40; *Avery v. Chapman,* 62 Iowa, 147; *Phelps v. James,* 79 Iowa, 265. It may be the case made by plaintiff was a prima facie one under this rule, but certainly the trial court erred in shutting out evidence as it did, which was offered by defendant to prove that he believed, and had reason to believe, the statements made to be true at the time they were made.

II. The court gave the jury the following instruction: "If you find from the evidence that the defendant Floyd P. Sargeant, at the time of the trade or sale of the property, did not have the right to sell and manufacture the washing machine introduced in evidence, and which was exhibited by him to the plaintiff, and that he represented that said right to make and sell the same was covered by the patent deed given by him to plaintiff, then you are instructed that it makes no difference whether he knew he did not have such right or not. Said defendant is bound to know whether he has the right to make such sale when he makes the same, and plaintiff would be entitled to recover such damages as he may suffer thereby." It is claimed on the part of appellee that this instruction can be sustained under the rule that a seller of chattels is held always to warrant his title. We hardly think this is a case of failure of title; but, if that were so, it is manifest the action is not one for breach of warranty. The gist of plaintiff's complaint is fraud, and upon the case set out in his petition he must stand. It will be observed this instruction wholly omits the element of fraud, and leaves the jury free to find a verdict for plaintiff if de-

fendant did not transfer to him a valid right to manufacture the machines. However applicable such an instruction might be to a case for breach of warranty, it was error to give it in this case. See *Holmes v. Clark,* 10 Iowa, 423. In that case the distinction between an action for breach of warranty or for mistake and an action grounded upon fraud is pointed out. It is true, in other parts of the charge the court included the element of fraud in stating what was necessary to make plaintiff's case, but that did not cure the omission in the paragraph we have set out.

III. The fraudulent representations were claimed to have been made, in part at least, by one Fuller, at the instance of appellant. Plaintiff was allowed to testify to what Fuller said, after the trade was made, about being in Sargeant's employ. This was erroneous. *Phelps v. James,* 86 Iowa, 398.

IV. Taking the general rules herein laid down together with what has been said as to specific objections to testimony, and we think the trial court will have a sufficient guide as to rulings on evidence in the event of another trial.

V. There was no error in overruling defendant's motion for more specific statement and to strike.

For the reasons given, the judgment is REVERSED.