## CHARLES WADSWORTH v. RAY WALSH.[1]

January 22, 1915.

Nos. 18,966—(189).

**Promissory note — consideration — insurance policy.**

1. The issuance and delivery of a policy of life insurance is a sufficient consideration for a note previously given for the first premium on such a policy. A clause in such a note giving the "privilege of increasing or decreasing insurance on first payment" gives to the maker an option, and if he desires to avail himself of it the obligation is upon him to so signify. Evidence of a contemporaneous oral agreement that before writing the policy the payee should inquire whether defendant desired to exercise the option, varies the written agreement and is not admissible.

**Same — offer of proof — contradictory pleading.**

2. A general offer of proof must be considered in connection with the pleadings of the party making it. It is no error to reject proof offered by a party where his pleadings admit the facts to be to the contrary. *Held*, an offer by defendant to prove want of consideration for a note was properly rejected, because, under the admissions of the answer, the evidence offered could not properly be received.

Action in the municipal court of St. Paul to recover upon a promissory note. The case was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiff for $136.45 and interest. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Converse & Grannis,* for appellant.

*John A. Pearson,* for respondent.

1 Reported in 150 N. W. 870.

128 M.—16.

HALLAM, J.

This action is brought to recover on a note, which is in language as follows:

"November 2nd, 1912.

"On Jan. 15, 1913, I agree to pay to Chas. Wadsworth one hundred fifty-six and 55/100 ($156.55) dollars premium on $5,000.00 20 pay life insurance, with privilege of increasing or decreasing insurance on first payment.

"Ray Walsh."

The answer alleged that the note was given pursuant to an agreement made between defendant and plaintiff's agent, Harrop, a life insurance solicitor; that the agreement was partly oral and partly in writing; that defendant signed an application for a $5,000 policy of life insurance and agreed that he would pay the premium for a $5,000 policy if he took that amount, but reserved the right to decrease or increase the amount of the policy when the first payment of premium became due, which would be at the time of the delivery of the policy in January, 1913. It then alleges that it was agreed that before writing the policy Harrop was to see defendant and ascertain from him the amount of the policy which he would accept, but that, without doing so, Harrop wrote and sent to defendant a policy for $5,000, and that defendant refused to accept it and offered to return it. There is no allegation that defendant ever notified any one that he wanted a policy for more or less than $5,000, nor that he did in fact want a policy of any other amount. An amendment to the answer was later interposed, alleging that the note was without any consideration, and that the consideration, if any there was, has wholly failed.

We may gather from the answer that the writings between these parties consisted of an application for a $5,000 policy of insurance and the note here sued on, which was for the first premium on a policy of this amount. The issuance and delivery of a policy pursuant to this application furnished a sufficient consideration for the note. American Ins. Co. v. McWhorter, 78 Ind. 136; Union Central Life Ins. Co. v. Taggart, 55 Minn. 95, 56 N. W. 579, 43 Am. St.

474. We construe the concluding clause of the note as follows: It gave to defendant a privilege or option to increase or decrease the insurance "on first payment" of premium, that is, at the time of maturity of the note. We do not agree with defendant that the language of this option is susceptible of explanation by oral proof. The language is unambiguous. It did not fix the amount of the policy which he might choose to take, but this was not necessary. The meaning is plain. If defendant desired to avail himself of the option given him, the obligation was upon him to so signify. If he did not exercise this option, the note and the application continued to be binding according to their terms. Topping v. Root, 5 Cow. (N. Y.) 407; Eaves & Collins v. Cherokee Iron Co. 73 Ga. 459. There was no duty imposed upon plaintiff to inquire of defendant whether he desired to exercise his option. This being the meaning necessarily deducible from the language of the option, it was not competent for defendant to prove a contemporaneous oral agreement to vary this construction which the law necessarily implied. Liljengren F. & L. Co. v. Mead, 42 Minn. 420, 44 N. W. 306. The allegation of a verbal understanding that Harrop was to see defendant before writing the policy and ascertain from him the amount of the policy which he would accept, accordingly tenders no issue, because proof of such a verbal understanding could not have been received. In fact it seems clear to us that the allegations of the original answer did not set up a defense.

The amendment alleging that the note was without consideration did, however, set up a defense. On the trial defendant's counsel asked him how the option came to be written in the note, for what purpose and for what indebtedness the note was given, and out of what transactions it grew. Objections to these questions were all sustained, and defendant's counsel then made an offer to prove "that this note was given for the payment of the premium upon a policy of life insurance * * * that that policy was never delivered to or accepted by this defendant, and that he never had the insurance, the premium for which is represented by this note." Objection to this offer was sustained, and the ruling is assigned as error.

If the offer tendered competent and admissible evidence which

would have proven the defense of want of consideration for the note, objection to it was improperly sustained. The offer ostensibly tendered such proof. But the offer must be considered in connection with the answer of defendant.

Defendant could not submit proof which contradicted the plain allegations of the answer. He could not be permitted to prove that the $5,000 policy, for which the note was given, was not delivered; for the answer in terms alleges that the policy was delivered. Defendant's answer expressly negatives the essential facts which he offered to prove.

The amendment to the answer was perhaps broad enough to admit proof that defendant exercised the option given him of demanding a policy for a less amount than $5,000, and that this privilege was denied him. But the offer he made cannot be construed as tendering any such proof. An offer of proof should not be technically construed, but it must fairly advise the court of the proof which the party is prepared to furnish. Alexander v. Thompson, 42 Minn. 498, 499, 44 N. W. 534. The offer to prove that the note was given for a premium upon a policy of insurance, that the policy was never delivered to or accepted by the defendant, and that he never had the insurance represented by the note, surely does not advise the court that defendant proposed to prove that he exercised an option to take a policy different from that represented by the note and that such a policy was not delivered to him. Nor do we understand defendant to make any claim that he desired to furnish proof of any such state of facts or that such state of facts existed. The only claim made in this court, is that defendant desired to make proof of the state of facts specifically set forth in the original answer, and this state of facts, as we have seen, constitutes no defense to the note. If the offer was broad enough to tender such proof, the proof was not proper. The objection to the offer of proof was properly sustained.

Judgment affirmed.